UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
CASE NO. _____
ELECTRONICALLY FILED

**J.R.** a student with a disability, by and through her next friends, guardians
and parents D.R. and B.R.                                                                    **PLAINTIFF**

**VS**

**TERRI COX-CRUEY**, Superintendent, Kenton County
Board of Education, in her official capacity, and

**TRACY MANN**, Assistant Superintendent, Kenton County
Board of Education, in her official capacity, and

**KAREN SNELLING**, Director of Special Education,
Kenton County Board of Education, in her official capacity,

**AND**

**KAREN COLLINS**, and

**CARL WICKLUND**, and

**BILL CULBERTSON**, and

**TAMARA MIANO**,
in their official capacities,
all as representatives of the
Kenton County Board of Education,

**AND**

**KENTON COUNTY BOARD OF EDUCATION**

**AND**

**TERRY HOLIDAY**, Commissioner,
in his official capacity, and

**JOHNNY COLLETT**, Director, Division of Learning Services,
in his official capacity,

as representatives of the KY Department of Education,

1

AND

KENTUCKY DEPARTMENT OF EDUCATION                    DEFENDANTS

## CIVIL COMPLAINT AND REQUEST FOR TRIAL DE NOVO

Comes now the Plaintiff, J.R., through her next friend and parents D.R. and B.R., by and through counsel, and for her cause of action against the foregoing Defendants, representing the Kenton County School District, the Kenton County Board of Education, and the Kentucky Department of Education, as well as the Kenton County School District, Kenton County Board of Education, and Kentucky Department of Education as entities, and hereby state as follows:

### I. INTRODUCTORY INFORMATION/RELEVANT PROCEDURAL HISTORY

This action, founded upon 20 U.S.C. 1400 *et seq.* is an appeal of the decision of Hearing Officer Paul Whalen, denying the Petitioner's Motion for stay-put, pursuant to 20 U.S.C. § 1415(j), in an underlying Educational Due Process Action, Agency Case Number 1213-09.

The Petitioner is a twenty-one year old female who suffered a traumatic brain injury as a result of an automobile accident in April, 2010. She has attended Dixie Heights High School within the Kenton County School District since January 4, 2012, and was served by an Individual Education Plan (hereinafter "IEP") under the disability category of Traumatic Brain Injury (TBI). The Petitioner turned twenty-one on February 28, 2013.

2

The Defendant Kenton County School District, on the date that the Plaintiff first started attending school in the Kenton County School District, notified the parents that the Plaintiff's last day of school would be February 27, 2013 based upon the Defendant's position that the Plaintiff would no longer be eligible for services under the Individuals with Disabilities Education Act (hereinafter "IDEA") upon turning twenty-one years old.

On January 30, 2013, the Plaintiff caused to be filed a request for a Due Process Hearing, alleging that she was eligible for IDEA services until the age of twenty-two pursuant to 20 U.S.C. § 1412(a)(1)(A), that the Defendant Kenton County School District had failed to make appropriate placement decisions for the Plaintiff and that denying the Plaintiff services prior to the age of twenty-two would be a denial of her right to a free appropriate public education.

On March 12, 2013 and May 6, 2013, the Plaintiff filed amended due process hearing requests alleging additional allegations that the Defendant Kenton County School district owed the Plaintiff compensatory education for its failure to provide her with an appropriate IEP during the time in which she attended the Kenton County Schools as well as its failure to provide the Plaintiff with appropriate transitioning to post secondary services.

The due process hearing action has not yet concluded. Hearings have taken place on May 21, 2013, May 22, 2013, June 13, 2013 and a future scheduled date of July 2, 2013. At the outset of the underlying due process action, the Plaintiff requested that she remain in her current educational placement during the pendency of the due process proceedings, pursuant to 20 U.S.C. § 1415(j). On February 7, 2013, the Hearing Officer ordered that the Plaintiff remain in her current educational placement until March 5,

2013, after the parties had an opportunity to participate in mediation. The parties participated in a mediation session, but such mediation was unsuccessful. The Defendant Kenton County School District orally moved the Hearing Officer to dissolve the "stay-put" order and both parties requested an opportunity to brief the issue. The parties briefed the issue, and the Hearing Officer issued a ruling on March 29, 2013, that required the Kenton County School District to continue providing an education to the Petitioner until May 22, 2013, which was the last day of the 2012-2013 school year and the anticipated last day of the due process hearing proceedings.

The due process hearing proceedings did not conclude on May 22, 2013, and the Petitioner filed a Motion to Extend Stay Put Order on May 22, 2013, prior to the conclusion of that day's hearing. The Defendant Kenton County School District filed its response in opposition on May 30, 2013. On June 12, 2013, the Hearing Officer issued a ruling denying the Petitioner's motion for "stay-put."

## I. JURISDICTION

1) That this action is founded upon 20 U.S.C. 1400 *et seq.*, to wit, the Individuals with Disabilities Education Act (IDEA), all statutes of this Commonwealth pursuant thereto, and the Kentucky Department of Education Regulations, and that this Court has jurisdiction to hear same;

## II. PLAINTIFFS

2) That the Plaintiff J.R. is a twenty-one year old student residing within the Kenton County School District. Her parents, D.R. and B.R. are her legal guardians and educational representatives;

4

J.R. has been identified as a student with a primary disability of Traumatic Brain Injury and is identified as meeting the eligibility requirements for a student with disabilities pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. 1400, et seq. (2004);

3) That the mailing address and residence of J.R. is 1326 Amsterdam Road, Park Hills, Kentucky 41011, and such, the Plaintiff and her parents reside within the boundaries of the Kenton County School District;

### III. DEFENDANTS

4) That Defendant Terri Cox-Cruey is the Superintendent of the Kenton County School District, and as such, is responsible for the administration of the school district, including compliance with the Individuals with Disabilities Education Act, and pertinent state laws and regulations relative thereto; and has an office at 1055 Eaton Drive, Ft. Wright, Kentucky 41017; and that such Defendant and the Kenton County Board of Education, as the legal entity named, has violated the rights of J.R. by failing to ensure and implement an appropriate IEP and placement for her educational needs; and further, has failed to provide J.R. with a free appropriate public education in accordance with 20 U.S.C. § 1412(a)(1)(A);

5) That Defendant Tracy Mann is the Assistant Superintendent of the Kenton County School District, and as such, is responsible for the administration of the school district, including compliance with the Individuals with Disabilities Education Act, and pertinent state laws and regulations relative thereto; and has an office at 1055 Eaton Drive, Ft. Wright, Kentucky 41017; and that such Defendant and the Kenton County Board of Education, as the legal entity named, has violated the rights of J.R. by failing to

ensure and implement an appropriate IEP and placement for her educational needs; and further, has failed to provide J.R. with a free appropriate public education in accordance with 20 U.S.C. § 1412(a)(1)(A);

6) That Defendant Karen Snelling is the Director of Special Education for the Kenton County School District, and as such, is responsible for the administration of and implementation of the special education services for the Kenton County School District, including compliance with the Individuals with Disabilities Education Act, and pertinent state laws and regulations relative thereto; and has an office at 1055 Eaton Drive, Ft. Wright, Kentucky 41017; and that such Defendant and the Kenton County Board of Education, as the legal entity named, has violated the rights of J.R. by failing to ensure and implement an appropriate IEP and placement for her educational needs; and further, has failed to provide J.R. with a free appropriate public education in accordance with 20 U.S.C. § 1412(a)(1)(A);

7) That Defendants Karen Collins, Carl Wicklund, Bill Culbertson and Tamar Miano are the members of the Kenton County Board of Education, which serves to operate the Kenton County School District, whose office is at 1055 Eaton Drive, Ft. Wright, Kentucky 41017; and that such Defendants, as representatives of the Kenton County Board of Education, have violated the rights of J.R. by failing to ensure and implement an appropriate IEP and placement for her educational needs; and that further, the Kenton County Board of Education, as the legal entity named, has failed to provide J.R. with a free appropriate public education in accordance with 20 U.S.C. § 1412(a)(1)(A);

8) That Defendant Terry Holliday is the Commissioner of the Kentucky Department of Education, which is responsible for the implementation and compliance with the Individuals with Disabilities Act (IDEA), and has an office at the Kentucky Department of Education, 500 Mero Street, Frankfort, Kentucky 40601; and that as a representative of such, he has violated the rights of J.R. by failing to ensure that the Kenton County School district has complied with the provisions of the IDEA; and that further, the Kentucky Department of Education, duly charged by state and federal law, has failed to afford the proper protections to which J.R. is entitled by law under the IDEA;

9) That Defendant Johnny Collett is the Director of the Division of Learning Services through the Kentucky Department of Education, and is responsible for the state's compliance with the Individuals with Disabilities Act (IDEA); and has an office at the Kentucky Department of Education, 500 Mero Street, Frankfort, Kentucky 40601; and that such Defendant has violated the rights of J.R. by failing to ensure that the Kenton County School district has complied with the provisions of the IDEA; and that further, the Kentucky Department of Education, duly charged by state and federal law, has failed to afford the proper protections to which J.R. is entitled by law under the IDEA;

## IV. FACTUAL ALLEGATIONS

10) That Plaintiff J.R. incorporates by reference paragraphs one (1) through nine (9) as if restated herein;

11) That J.R. is a twenty-one year old student who has also been diagnosed with a traumatic brain injury as the result of an automobile accident in 2010;

12) That J.R. has been served by an IEP since January 2012 by the Kenton

7

County School District;

13) That Plaintiff J.R. is entitled to a "free and appropriate public education" as a handicapped student residing within the Kenton County School District;

14) That J.R. is entitled to protections under the IDEA until she turns the age of twenty-two pursuant to 20 U.S.C. 1412 (a)(1)(A);

15) That the Commonwealth of Kentucky has no inconsistent state law or practice regarding the provision of public education to students up to the age of twenty-two;

16) That the Kenton County School District failed to provide J.R. with an appropriate IEP and placement and as such, J.R. is entitled to compensatory education;

17) That the Kentucky Department of Education failed to ensure J.R.'s right to a free appropriate public education;

18) That J.R. initiated an educational due process action seeking certain remedies against the Kenton County School District for its denial of her rights pursuant to the IDEA; (See Exhibit A)

19) That J.R. filed amended due process complaints alleging additional violations of the Kenton County School District with regards to her educational rights under the IDEA; (See Exhibit B & C)

20) That J.R. requested in her initial due process hearing request that she "stay-put" in her current educational placement during the pendency of the action;

21) That the Hearing Officer ordered the Kenton County School District to continue J.R.'s current educational placement until March 5, 2013, after the parties attempted mediation; (See Exhibit D)

22) That mediation was unsuccessful in resolving the parties' disputes;

23) That the due process hearing was scheduled to take place on May 21, 2013 and May 22, 2013;

24) That the Hearing Officer ordered the Kenton County School District to continue J.R.'s educational placement until May 22, 2013, which was the last day of the 2012-2013 school year; (See Exhibit E)

25) That the due process hearings did not conclude on May 22, 2013 and was extended by two dates, June 13, 2013 and July 2, 2013;

26) That on May 22, 2013, J.R. filed a Motion to Extend Stay Put Order seeking to continue in her current educational placement during the pendency of the due process action; (See Exhibit F)

27) That on June 12, 2013, the Hearing Officer denied J.R.'s Motion to Extend Stay Put Order; (See Exhibit G)

28) That the due process hearings are not yet concluded;

29) That the Kenton County School District has failed to educate J.R. since the Hearing Officer's order denying "stay-put;"

30) That an appeal of this matter to the Kentucky Exceptional Children's Appeals Board and possibly to this Court would take several months during which time J.R. would lose vital educational opportunities that she cannot afford to lose;

31) That exhaustion of such administrative remedies for the appeal of the Hearing Officer's denial of stay put would be an exercise in futility and cause irreparable harm to J.R.;

32) That J.R. is entitled to appeal this matter directly to this Court as a matter of

law;

## V. CAUSES OF ACTION

21) That Plaintiff J.R. incorporates by reference paragraphs one (1) through thirty-two (32) as if restated herein;

21) That "stay-put" is an automatic preliminary injunction to which J.R. is entitled;

22) That the Hearing Officer, while correctly ordering "stay-put" on February 7, 2013, incorrectly determined that it would be in effect only until after the parties attempted mediation;

23) That the Hearing Officer, while correctly ordering "stay-put" on March 29, 2013, incorrectly determined that "stay-put" should only be in effect until May 22, 2013, or the end of the 2012-2013 school year;

24) That the Hearing Officer incorrectly denied J.R.'s Motion to Extend Stay Put Order on June 12, 2013;

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff seeks the following relief and judgment against the Defendants, Kenton County Board of Education and its representatives, and the Kentucky Department of Education and its representatives, jointly and severally:

1) That this Court reverse the decision of the Hearing Officer regarding "stay-put" and order that the Defendants and legal entities of the Kenton County School District and Kentucky Department of Education immediately reinstate Plaintiff J.R. into

the educational placement that she was in during the 2012-2013 school year pursuant to 20 U.S.C. 1415(j);

2) That this Court order that the Kenton County School District and the Kentucky Department of Education continue to provide such educational placement during the pendency of the due process action and any associated appeals;

3) That this Court award compensatory education to J.R. for any missed educational opportunities during the time in which she was denied "stay-put" relief;

4) That the Court grant J.R. leave to allege any and all averments related to her educational placement in any other appeal of the due process action or civil action that she may bring pursuant to 20 U.S.C. § 1415 (i)(2)(A).

5) That this Court grant J.R. a trial de novo, or in the alternative, pursuant to 20 U.S.C. § 1415 (i)(2)(C), the opportunity to present new evidence in addition to that adduced at the hearings mentioned herein;

6) That the Kentucky Department of Education file the complete transcript and records from the due process proceedings with this court forthwith;

7) For all other proper relief to which J.R. appears entitled;

8) That J.R. and her parents be permitted to proceed in pseudonym as indicated in this complaint to protect her identity;

9) For attorney fees and expenses on behalf of J.R. and her parents be paid by the Defendants in this matter.

                                                                              Submitted by:

/s/ Marianne S. Chevalier
Marianne S. Chevalier

/s/ Karen H. Ginn
Karen H. Ginn

Chevalier, Ginn & Kruer, P.S.C.
2216 Dixie Highway, Suite 202
Ft. Mitchell, Kentucky 41011
Phone: (859) 581-3030
Fax: (859) 581-5444